REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3455-GW (SSx) | Date | June 22, 2016 |
|---|---|---|---|
| Title | *Jesus Arceo, et al. v. Wells Fargo Bank, N.A., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO STATE COURT; VACATING MOTION HEARING**

     On May 18, 2016, Wells Fargo Bank, N.A. ("Wells") removed this matter to this Court, asserting the existence of complete diversity. Wells admits that its co-defendant, Quality Loan Service Corporation ("Quality") – which consented to Wells's removal – is non-diverse from plaintiffs Jesus Arceo and Yamileth Cordova ("Plaintiffs"), but argues that Quality's citizenship may be ignored because 1) it is a "nominal" defendant, 2) it filed a Declaration of Non-Monetary Status ("DNMS") pursuant to California Civil Code § 2924*l* on May 13, 2016, and/or 3) it has been fraudulently joined as a defendant. This Court is always obliged to consider its own subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Allstate Ins. Co. v. Hughes*, 358 F.3d. 1089, 1093 (9th Cir. 2003). For the reasons discussed herein, the Court concludes that Wells has not sustained its burden of properly demonstrating the existence of subject matter jurisdiction.

     First, this Court has consistently taken the approach that the filing of a DNMS is insufficient to render a state-court defendant meaningless to the citizenship analysis necessary to demonstrate complete diversity for federal jurisdiction purposes. *See, e.g.*, *Luna v. Residential Credit Solutions, Inc.*, CV 16-843-GW (KSx), Docket Nos. 17, 27; *Sanchez v. Wells Fargo Bank*, N.A., CV 11-6255-GW-JEM, Docket Nos. 13, 17; *Alonso v. Bank of N.Y. Mellon*, CV 09-6279 GW-JEM, Docket No. 15. Wells has not cited the Court to (and the Court has not found in its own research) any controlling Ninth Circuit authority demonstrating that the Court's approach is incorrect. Moreover, this determination has found even more support amongst district courts where, as here, the 15-day period for objections to the DNMS procedure did not expire before removal occurred. *See, e.g.*, *Moore v. Wells Fargo Bank, Nat'l Ass'n*, Civ. No. 2:16-566 WBS CKD, 2016 WL 3091087, *3-4 (E.D. Cal. June 2, 2016); *Jenkins v. Bank of Am., N.A.*, No. CV 14-04545 MMM (JCx), 2015 WL 331114, *7-8 (C.D. Cal. Jan. 26, 2015); *Wise v. Suntrust Mortg., Inc.*, No. 11-CV-01360-LHK, 2011 WL 1466153, *4 (N.D. Cal. Apr. 18, 2011); *see*

| | : |
|---|---|
| | Initials of Preparer    JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3455-GW (SSx) | Date | June 22, 2016 |
|---|---|---|---|
| Title | *Jesus Arceo, et al. v. Wells Fargo Bank, N.A., et al.* | | |

*also* Cal. Civ. Code § 2924*l*(d) ("In the event that no objection is served within the 15-day objection period, the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is the subject of the action or proceeding."). For these reasons, Wells's attempt to rely upon Quality's DNMS filing is insufficient to preclude the Court's consideration of Quality's citizenship.

Second, Wells's argument that Quality is a "nominal" defendant – to the extent that this argument is separate from the DNMS-oriented approach – does not faithfully address the allegations against Quality in the Complaint. Quality is named on three of the causes of action – violation of California Civil Code § 2934a(a)(1)(D),[1] unfair business practices in violation of California Business and Professions Code § 17200, and for cancellation of written instruments, Cal. Civ. Code § 3412. Wells's "nominal defendant" argument is based, in part, on the idea that a trustee only has duties imposed by statute or specified in the deed of trust. *See* Notice of Removal at 5:8-6:27 (quoting California Court of Appeal and federal district court decisions for the prospect that "[t]he scope and nature of the trustee's duties are exclusively defined by the deed of trust *and the governing statutes*" and the observation that "California courts have refused to impose duties on the trustee other than those *imposed by statute* or specified in the deed of trust") (emphasis added). California Civil Code § 2934a(a)(2) *is* a *statutory duty* that Quality allegedly violated; it is not an attempt to impose common law duties on Quality. As such, Wells's argument for Quality's nominal party-status here in fact works against itself. *See also Moore*, 2016 WL 3091087, *5 ("A trustee is not considered a nominal party if the plaintiff pleads substantive allegations against and seeks to recover money damages from the trustee."); *compare Gogert v. Reg'l Tr. Servs., Inc.*, No. C11-1578JLR, 2012 WL 289205, *4 (W.D. Wash. Jan. 31, 2012) (finding trustee to be nominal party where plaintiff had made no "allegations of wrongdoing [n]or filed claims for money damages" against the party).[2]

Finally, Wells's fraudulent joinder argument is based upon the assertion that Plaintiffs have

---

[1] This subsection does not exist. However, it is clear from the context of Plaintiffs' allegations that Plaintiffs are in fact referring to California Civil Code § 2934a(a)(2)(D). That subsection indicates that "[a] substitution executed pursuant to [Civil Code § 2934a(a)(1)(B)] is not effective unless all the parties signing the substitution sign, under penalty of perjury, a separate written document stating the following:...(D) Notice of the substitution was sent by certified mail, postage prepaid, with return receipt requested to each holder of an interest in the obligation secured by the deed of trust who has not joined in the execution of the substitution or the separate document." Cal. Civil Code § 2934a(a)(2)(D).

[2] Plaintiffs seek monetary relief from Quality. *See* Complaint ¶¶ 70, 73; *id.* at 13:5-21.

:

Initials of Preparer    JG

REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3455-GW (SSx) | Date | June 22, 2016 |
|---|---|---|---|
| Title | *Jesus Arceo, et al. v. Wells Fargo Bank, N.A., et al.* | | |

"offered absolutely no facts – and can never offer any facts – that might suggest [they] can state a viable claim for relief against" Quality.  Notice of Removal at 8:10-13.  But, as the Court has just referenced, Plaintiffs have alleged that Quality violated California Civil Code § 2934a(a)(2).  *See* Complaint ¶¶ 25, 27-28.  Wells has not demonstrated that any of the cases it cites in its Notice of Removal dealt with an alleged violation of that statute.  Nor has Wells explained how, given Plaintiffs' allegation, it can possibly meet the high bar necessary for it to demonstrate fraudulent joinder under the Ninth Circuit's test for that doctrine.  *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is *obvious* according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent.") (emphasis added); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); *id.* (noting that "there is a general presumption against fraudulent joinder").

Wells also argues that fraudulent joinder applies because – it asserts – Quality's actions are privileged because of a privilege "bar[ring] any tort claim arising out of the statutorily required *mailing, publication, and delivery* of notices in non-judicial foreclosure, and the performance of statutory non-judicial procedures absent a showing of malice."  Notice of Removal at 9:3-6 (emphasis added) (citing California Civil Code § 2924(d)); *see also* Cal. Civ. Code § 2924(d) ("All of the following shall constitute privileged communications pursuant to [California Civil Code §] 47: (1) The mailing, publication, and delivery of notices as required by *this section*....") (emphasis added).  But, again, Plaintiffs have not pled a tort claim against Quality, and Wells has not established that the substitution-of-trustee mailing required by section 2934a(a)(2) qualifies as one of the acts covered by the privilege it has identified (such that Plaintiffs' failure in this regard would be "obvious" according to "settled rules of the state").  Indeed, according to Plaintiffs' allegations, the substitution of trustee at issue here was recorded *over a week before* a Notice of Default and Election to Sell Under a Deed of Trust was recorded.  *See* Complaint ¶¶ 14-15.  Moreover, section 2924(d), by its terms, only applies to the mailing, publication and delivery of notices required by section 2924 – here, the mailing, publication and delivery is required by section 2934a, not section 2924.  Beyond even that consideration, "[f]ederal courts have questioned whether [California Civil Code § 2924(d)] protects a foreclosing trustee which allegedly was not authorized to pursue foreclosure proceedings in the first instance," *Gomez v. Wells Fargo Bank, N.A.*, No. C 15-2996 SBA, 2015 WL 4592060, *2 (N.D. Cal. July 28, 2015), and here subsection 2934a(a)(2) makes clear that a substitution is "not effective" where that subsection's requirements have not been met.

|  | : |  |
|---|---|---|
| Initials of Preparer | JG | |

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3455-GW (SSx) | Date | June 22, 2016 |
|---|---|---|---|
| Title | *Jesus Arceo, et al. v. Wells Fargo Bank, N.A., et al.* | | |

    When a court remands a matter for lack of subject matter jurisdiction, it may due so *sua sponte*, without waiting for the parties' input on the question. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citation). Here, Wells actually had that opportunity – its Notice of Removal reads more like a legal brief on this point than a true Notice of Removal. *See* Notice of Removal at 4:11-9:21. Wells has not directed the Court to any Ninth Circuit precedent demonstrating that it is undeniably correct with respect to any of its arguments for ignoring Quality's citizenship here. Especially where "[r]emoval and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability,'" *Haw. ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)), Wells has therefore come up short in establishing complete diversity.

    The Court remands this action to Los Angeles County Superior Court and vacates Wells's motion to dismiss, currently set for hearing on Monday, June 27, 2016.

 

:

Initials of Preparer    JG